FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

04 MAR 16 PM 3: 25

CLE... ...
MIDDLE D... ... FLORIDA
ORLANDO, FLORIDA

DAVIN KINGSTON,

        Plaintiff(s),

vs.

CASE NO.

6:04 cv 360-ORL-18JGG

JZM, INC., d/b/a MIRANDA'S
TOWING, and JOSEPH MIRANDA

        Defendant(s).

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, DAVIN KINGSTON, (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel and sues the Defendants, JZM, INC., d/b/a MIRANDA'S TOWING, a Florida Corporation, and JOSEPH MIRANDA (hereinafter referred to collectively as the "Defendants"), and states as follows:

### INTRODUCTION

1.    This is an action by Plaintiff against his former employer for unpaid overtime wages and for a violation of the minimum wage provision, pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages and a reasonable attorney's fee.

### JURISDICTION

2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201, et. seq. The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. Section 216(b).

1

## VENUE

3.      The venue of this Court over this controversy is proper based upon the claim arising in Oviedo, Seminole County, Florida.

## THE PARTIES

4.      Plaintiff was at all time material, employed by Defendant, JZM, INC., D/B/A MIRANDA'S TOWING, as a tow truck driver, at its business located in Oviedo, Seminole County, Florida.

5.      The Defendant, JZM, INC., D/B/A MIRANDA'S TOWING, is a Florida corporation that operates a tow truck company and is based in Oviedo, Florida. Defendant, JZM, INC., D/B/A MIRANDA'S TOWING, is an employer as defined by 29 U.S.C. Section 203(d).   The employer has employees subject to the provisions of the FLSA, 29 U.S.C. Section 206, in the facility where Plaintiff was employed.

6.      Plaintiff was an employee of JZM, INC., d/b/a MIRANDA'S TOWING, and, at all times relevant to violations of the Fair Labor Standards Act was engaged in commerce as defined by 29 U.S.C. Section 206(a) and 207(a)(1).

7.      Alternatively, Defendant, JZM, INC., d/b/a MIRANDA'S TOWING, is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. Section 203(s)(1).

8.      Defendant, JOSEPH MIRANDA was at all times material hereto, the owner and/or officer of Defendant, JZM, INC., d/b/a MIRANDA'S TOWING.

9.      Defendant, JOSEPH MIRANDA at all times material hereto was acting directly or indirectly in the interest of Defendant, JZM, INC., d/b/a MIRANDA'S

TOWING, in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the employee's work and is therefore considered a statutory employer under 29 U.S. C. 203(d).

10.     Plaintiff has retained the Pantas Law Firm to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

**COUNT I**
**VIOLATION OF THE OVERTIME PROVISIONS**
**OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW**

11.     Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 10, above.

12.     Throughout the employment of Plaintiff, the Defendants repeatedly and willfully violated Section 7 and Section 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours.  Specifically, Plaintiff worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed.

WHEREFORE, Plaintiff demands a judgment against Defendants, jointly and severally for the following:

      (a)     Unpaid overtime wages found to be due and owing;

      (b)     An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c)     Prejudgment interest in the event liquidated damages are not

awarded;

(d)     A reasonable attorney's fee and costs; and,

(e)     Such other relief as the Court deems just and equitable.

**COUNT II**
**VIOLATION OF THE MINIMUM WAGE**
**PROVISION OF THE FAIR LABOR STANDARDS ACT**
**UNDER FEDERAL LAW**

13.     Plaintiff re-alleges and incorporates herein the allegations contained in

paragraphs 1 through 10, above.

14.     The Defendants willfully violated Section 6 and Section 15 of the Fair

Labor Standards Act, by failing to compensate the Plaintiff at a rate equal to the

minimum wage requirement for work performed while employed by Defendants.

Specifically, Plaintiff worked from October 2002, through May 30, 2003 and received

less than the minimum wage for hours worked.

WHEREFORE, Plaintiff demands a judgment against Defendants for the

following:

(a)     Wages found to be due and owing;

(b)     An additional equal amount equal to the unpaid overtime wages found to

be due and owing as liquidated damages;

(c)     Prejudgment interest in the event liquidated damages are not awarded;

(d)     A reasonable attorney's fee and costs; and,

(e)     Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.


Respectfully submitted,

Dated: 3/15/04

CHARLES SCALISE, ESQ.
Florida Bar No.: 0773627
PANTAS LAW FIRM, P.A.
1720 Orange Avenue, Suite 302
Orlando, Florida 32806
Telephone: (407) 425-5775
Facsimile: (407) 425-2778
Trial Counsel for the Plaintiff